IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GNO, Inc.,
    Plaintiff

v.

Haimarrow Food Service, Co., Ltd.,
    Defendant.

COMPLAINT FOR DECLARATORY RELIEF UNDER THE LANHAM ACT; FOR REVERSE DOMAIN HI-JACKING; AND TORTIOUS INTERFERENCE WITH CONTRACT

## NATURE OF THE CASE

1. This case is brought by Plaintiff GNO, Inc. ("Plaintiff") pursuant to 15 U.S.C. 1114(2)(D)(iv)–(v) and for declaratory relief pursuant to 28 U.S.C. § 2201 against Defendant Haimarrow Food Service Co., Ltd. ("Defendant") to establish that Plaintiff's registration and use of the internet domain name < *momstouch.com*> (the "Domain Names") is not unlawful under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d) ("ACPA")) or otherwise under the Lanham Act (15 U.S.C. § 1051, *et. seq.*), and to prevent the transfer of the Domain Names to Defendant which is being sought in an administrative proceeding under the Uniform Domain Name Dispute Policy ("UDRP") in a proceeding captioned: *Haimarrow Food Service Co., Ltd. v. Gregg Ostrick*, ADNDRC Case No. KR-2000222.

## JURISDICTION AND VENUE

2. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, Defendant agreed in its UDRP complaint to submit to jurisdiction of the registrar in connection with a challenge of a UDRP proceeding of the Domain Name.

1

3.      The registrar for the Domain Names is Name.com LLC, having a principal place of business in Denver, Colorado and an address of 414 14th Street, Suite 200, Denver, Colorado 80202, in this judicial district.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this cause arises under 15 U.S.C. § 1114 in that Plaintiff is the registrant of a domain name which has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant.

5.      Defendant has directed activity into this judicial district with the intent to deprive Plaintiff of rights under a contract having a situs in this judicial district.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7.      Plaintiff GNO, Inc. is an Alabama corporation with a principal place of business located in Birmingham, Alabama.

8.      On information and belief, Defendant Haimarrow Food Service, Co. Ltd. is a Korean corporation with a principal place of business located in Seoul, Republic of Korea.

## FACTS

9.      In 2006, Plaintiff registered the internet domain name <*momstouch.com*>, for which the present registrar is Name.com LLC, located in this judicial district.

10.     Defendant claims ownership of U.S. Trademark Registration No. 5,413,149 (copy attached hereto as Exhibit A) for "MOM'S TOUCH" for restaurant services, which alleges a date of first use in commerce within the United States as of December 29, 2017, which is a more than a decade after Plaintiff registered the internet domain name <*momstouch.com*>.

11. Plaintiff was unaware of Defendant's use of MOM'S TOUCH in connection with restaurant services in South Korea when Plaintiff registered the internet domain name <*momstouch.com*>.

12. The domain registration contract governing Plaintiff's registration of the Domain Names with Name.com LLC incorporates a non-binding "Uniform Domain Name Dispute Resolution Policy" (UDRP), which provides "for the adjudication of third-party disputes (i.e., disputes between you and another party, not us) concerning or arising from use of domain names registered hereunder, you will submit without objection, . . . where we are located, currently those State or federal courts whose geographic districts include Denver, Colorado."  The UDRP further provides that the provision of the UDRP process, "shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution."

13. Defendant filed a complaint (copy attached hereto as Exhibit B) under the UDRP with the Seoul Office of the Asian Domain Name Dispute Resolution Centre ("ADNDRC") against Gregg Ostrick, Plaintiff's registered agent, with respect to the domain name <*momstouch.com*> owned by Plaintiff, and this proceeding presently remains pending before the ADNDRC.

14. Defendant's complaint under the UDRP alleges that Plaintiff "has infringed" Defendant's intellectual property rights and asserts that "[w]rongful use of our domain can bring confusion to our consumers."

15. Defendant's complaint further alleges that "the respondent has not earned any rights for the domain."

16. Defendant's complaint "requests that the disputed domain name(s) be transferred to the" Defendant.

17.     Defendant's allegations are intended to cause the registrar to transfer the Domain Name from Plaintiff and to Defendant, absent a decision by this Court.

18.     In the UDRP Complaint, Defendant admitted to the jurisdiction of this court by specifying "the location of the principal office of the concerned registrar" (here, Name.com LLC which is located in this judicial district) as the UDRP "mutual jurisdiction" for independent judicial resolution in this District.

### FIRST CAUSE OF ACTION DECLARATORY RELIEF - 28 U.S.C. § 2201
### NO VIOLATION OF LANHAM ACT

19.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 18 above.

20.     There is an actual controversy and concrete dispute between Plaintiff and Defendant with respect to the domain name <*momstouch.com*> owned by Plaintiff.

21.     Plaintiff's registration or use of the Domain Names does not violate Defendant's rights under the Lanham Act. In registering the Domain Name, Plaintiff did not have "bad faith intent," as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's alleged trademark.

22.     Plaintiff had reasonable grounds to believe that its registration and/or use of the Domain Name, constituting a common two-word phrase, was a fair use or otherwise lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

23.     On information and belief, Defendant had not engaged in interstate commerce, or otherwise use the MOM'S TOUCH mark, in the United States of America in connection with offering or providing restaurant services, prior to Plaintiff's registration of the Domain Name.

24.     Plaintiff reasonably believes its registration and use of the Domain Names was and is lawful under the Lanham Act.

25. Plaintiff's registration and use of the Domain Name is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendant.

### SECOND CAUSE OF ACTION – REVERSE DOMAIN HI-JACKING UNDER 15 U.S.C. § 1114(2)(D)(iv)-(v)

26. Plaintiff incorporates the allegations set forth in paragraphs 1 through 25 above.

27. Defendant's filing of the UDRP complaint has caused the registrar to lock Plaintiff's Domain Name which prevents Plaintiff's full enjoyment of the benefits of registration thereof in consequence of false statements made by Defendant under a dispute policy (the UDRP) followed by the domain registrar Name.com LLC.

28. Knowing its allegations were not complete and accurate, Defendant in its UDRP complaint alleged that Plaintiff "has not earned any of the rights for the domain," and that Plaintiff's registration and use of the Domain Name was "wrongful," and was "being used in bad faith" relative to the Defendant's alleged rights for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

29. Plaintiff has incurred costs in seeking to prevent transfer of the Domain Names as a consequence of Defendant's false statements in the UDRP Complaint.

30. Plaintiff's registration or use of the Domain Name does not violate any cognizable right of the Defendant under the Lanham Act.

### THIRD CAUSE OF ACTION –TORTIOUS INTERFERENCE WITH CONTRACT

31. Plaintiff incorporates the allegations set forth in paragraphs 1 through 30 above.

32. Plaintiff has a valid and enforceable contract with Name.com LLC with respect to the registration of the domain name <*momstouch.com*>.

33. Defendant had knowledge of Plaintiff's domain registration contract with Name.com LLC with respect to the domain name < *momstouch.com*>.

34. Knowing its allegations were not complete and accurate, Defendant's UDRP complaint alleged that Plaintiff "has not earned any of the rights for the domain," and that Plaintiff's registration and use of the Domain Name was "wrongful," and was "being used in bad faith" relative to the Defendant's alleged rights for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

35. Defendant's misrepresentations in the UDRP Complaint were knowingly made for the purpose of inducing cancellation of Plaintiff's domain registration contract with Name.com LLC, and to deprive Plaintiff of the benefits of its registration contract with Name.com LLC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Declaration by the Court, pursuant to 28 U.S.C. § 2201, that Plaintiff's registration, ownership and use of the Domain Name < *momstouch.com*> is lawful and proper and does not infringe on any right the Defendant may claim in the United States;

B. A Judgment that Defendant has attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration contract;

C. Cost and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys' fees;

D. As this is an action "involving a violation of 15 U.S.C. § 1125(d)(1)" by way of determining that no such violation in fact has occurred, "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just" as provided under 15 U.S.C. § 1117(d); and

E. For such other and further relief as this Court deems just and proper.

DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Date: October 29, 2020.                    *s/ James Juo*
                                           James Juo
                                           Thomas P. Howard, LLC
                                           842 W South Boulder Rd., #100
                                           Louisville, CO 80027
                                           303-665-9845
                                           303-665-9847 (fax)
                                           *jjuo@thowardlaw.com*